IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16CR324-1 |
| | ) | |
| RANDALL EARL ROBINSON | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Randall Earl Robinson's third Motion for Compassionate Release [Doc. #63], albeit his first without the assistance of counsel. Robinson's initial motion for compassionate release was denied because he failed to submit evidentiary support for his motion despite having the assistance of counsel. His second motion was denied for lack of extraordinary and compelling reasons. Robinson now relies on the same bases he advanced in his second motion – the risk COVID-19 poses due to his health, the possibility of being reinfected with COVID-19, and the communal living situation in prison – but also notes a concern over the Delta variant. For the reasons explained below, his motion is denied.

It was previously determined that Robinson complied with the procedural requirements in 18 U.S.C. § 3582(c)(1)(A). (See Order (June 18, 2020) [Doc. #51].) And, in any event, recently the Fourth Circuit Court of Appeals held that "§ 3582(c)(1)(A)'s threshold requirement is non-jurisdictional and thus subject to waiver." United States v. Muhammad, ___ F.4th ___, 2021 WL 4888393 (Oct. 20, 2021).

It remains Robinson's burden to show that extraordinary and compelling reasons support relief, 18 U.S.C. § 3582(c)(1)(A)(i), and this he has not done. See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts "to consider any extraordinary and compelling reason for release that a defendant might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application n.1 (providing circumstances found to be extraordinary and compelling) cited in McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance even when motions are filed by defendants"); Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019) (explaining circumstances supporting compassionate release).

Forty-seven-year-old Robinson argues that he is "highly susceptible to serious complications from COVID-19" because of the same medical conditions described in his earlier motion – type 2 diabetes, hypertension, contracting COVID-19 in April 2020, and recurring infection from an open wound after removal of a cyst from his hip in December 2019. He has since also been prescribed a CPAP machine. Robinson does not argue that a change in these conditions has somehow affected his risk from COVID-19, nor do the medical records he submitted suggest so. As before, the Centers for Disease Control and Prevention ("CDC") recognizes that type 2 diabetes can increase the likelihood of severe illness from COVID-19 and hypertension may possibly do so. CDC, People with Certain Medical

2

Case 1:16-cr-00324-NCT   Document 65   Filed 11/08/21   Page 2 of 4

Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021). Fortunately, Robinson does not appear to have suffered severe illness when he contracted COVID-19 in April 2020. (See Mem. Order at 3-4 (Nov. 18, 2020) [Doc. #54].)

Robinson remains concerned about the possibility of reinfection and the existence of the Delta variant at Butner, especially at Butner camp where inmates share communal living spaces and do not practice social distancing. Not only do cases of reinfection "remain rare", CDC, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (updated Aug. 6, 2021), but Robinson is now among the 3,067 inmates at FCC Butner[1] who are fully vaccinated, Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (updated Nov. 8, 2021) (also reporting 1,140 staff at FCC Butner fully vaccinated). And, "[w]hile research suggests that COVID-19 vaccines are slightly less effective against variants, the vaccines still appear to provide protection against severe COVID-19." Mayo Clinic, Do COVID-19 Vaccines Protect Against the Variants?, https://www.mayoclinic.org/coronavirus-covid-19/covid-variant-vaccine (Oct. 7, 2021). At FCI Medium I where Robinson is housed, there are presently no inmates reported as positive and only one staff

---

[1] Totaling the reported number of inmates at each facility within FCC Butner (FMC, FCI Low, FCI Medium I, FCI Medium II) as of November 8, 2021 results in 3,364 inmates, reflecting a 91% vaccination rate among inmates at the complex.

3

member reported as positive, https://www.bop.gov/coronavirus/index.jsp, suggesting that the facility's vaccination efforts are helping to contain the spread of the virus.

To the extent that Robinson relies on his health conditions outside of COVID-19, nothing before the Court evidences that Robinson is not receiving necessary medical care for his conditions. (See Mem. Order at 6 (Nov. 18, 2020); Med. Recs. [Docs. #53-1, 53-2]; Med. Recs. [Doc. #64].)

Robinson has used his time in custody well, having participated in nearly 900 hours of education courses, earned his GED in May 2019, worked, paid his special assessment, and received no incident reports in at least the first half of 2021. He also has family and community support as evidenced by their letters and petition for release. Robinson's efforts and his community of support will serve him well upon release, but they are not extraordinary and compelling reasons for release. In sum, Robinson has not met his burden of showing that extraordinary and compelling reasons warrant relief.[2]

For the reasons stated above, IT IS HEREBY ORDERED that Defendant Randall Earl Robinson's Motion for Compassionate Release [Doc. #63] is DENIED.

This the 8th day of November, 2021.

                                                      /s/ N. Carlton Tilley, Jr.
                                           Senior United States District Judge

---

[2] Therefore, it is not necessary to assess the application of the factors from 18 U.S.C. § 3553(a).